**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 19 2015



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD S. GALE,

               Plaintiff - Appellant,

   v.

FIRST FRANKLIN LOAN SERVICES,
subsidiary of First Franklin Financial
Corporation; et al.,

               Defendants - Appellees.

No. 13-15656

D.C. No. 2:08-cv-01615-RCJ-PAL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted March 10, 2015[**]

Before:     FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Richard S. Gale appeals from the district court's judgment dismissing his

action arising from foreclosure proceedings. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo a district court's dismissal under Federal Rule of Civil

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Procedure 12(b)(6), *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly dismissed Gale's claim for wrongful commencement of foreclosure proceedings because Gale's complaint and records subject to judicial notice show that the notice of breach and default was issued after the substitution of trustee, in accord with Nevada law in 2008, and Gale lacked standing to challenge the timing of the assignment of the deed of trust to defendant LaSalle Bank National Association. *See* Nev. Rev. Stat. § 107.028(4) (beginning June 10, 2011, the appointment of a new trustee is ineffective until the substitution is recorded); *Wood v. Germann*, 331 P.3d 859, 859 (Nev. 2014) (per curiam) ("[A] homeowner . . . lacks standing to rely on the timing of [an] assignment as a basis for challenging the subsequent purchaser's authority to enforce the loan.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

We do not consider Gale's contentions regarding the Truth in Lending Act, which were addressed in a prior appeal. *See Gale v. First Franklin Loan Servs.*, 701 F.3d 1240, 1243-47 (9th Cir. 2012).

Appellees' motion for judicial notice, filed on September 13, 2013, is

granted.

Gale's request for judicial notice, set forth in his opening brief, is denied.

**AFFIRMED.**